UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FULTON BANK, N.A.,

          *Plaintiff,*

    v.

RAHWAY AUTO RESOURCES INC. et al.,

      *Defendants.*

No. 26-cv-4747 (MEF)(JSA)

**OPINION and ORDER**

\*    \*    \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*    \*    \*

Some background.

A bank[1] and a car dealership[2] entered into an agreement. <u>See</u> Verified Complaint, Exhibit A ("Loan Agreement") (ECF 1-2) at 2-3.

Under the agreement, the bank lent the dealership money so that it could buy cars and then sell them. <u>See</u> Verified Complaint, Exhibit B ("Line of Credit Note") (ECF 1-3) at 4.

In exchange, the dealership gave the bank a security interest in, among other things, "all [of its] motor vehicles." Verified Complaint, Exhibit C ("Security Agreement") (ECF 1-4) at 2.

---

[1]  Fulton Bank, N.A.

[2]  Rahway Auto Resources.

The agreement allowed the bank to request repayment at any time. See Line of Credit Note at 2.

\*    \*    \*

In January 2024, the bank sent the dealership a letter. See Verified Complaint, Exhibit F (ECF 1-7). It said that the dealership had until June 26, 2024 to pay off the outstanding balance of the loan. See id. at 2.

June 26 came and went --- and the dealership did not pay. See Verified Complaint (ECF 1) ¶ 37.

Over the next two years, the bank and the dealership engaged in negotiations. See id. ¶¶ 37-38, 42-44, 47, 50.

But the parties were apparently unable to resolve things, and the bank sued the dealership.[3]  From here, the bank is called "the Plaintiff" and the dealership is called "the Defendant."

Soon after the lawsuit was filed, the Plaintiff applied for a preliminary injunction. See Order to Show Cause for Issuance of a Preliminary Injunction (ECF 5) at 1-2.

The motion is before the Court.

\*    \*    \*

"A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Move through these four factors now.

\*    \*    \*

Has the Plaintiff established that it is likely to succeed on the merits?  The Court's conclusion: yes.

The Plaintiff argues that the Defendant is liable for breach of contract because it did not comply with the terms of the agreement. See Verified Complaint ¶ 68-71.

---

[3]  And several other defendants.

And under New Jersey law,[4] a breach of contract claim has four elements: a plaintiff must establish (i) "the parties entered into a contract containing certain terms," (ii) the "plaintiff[] did what the contract required [it] to do," (iii) the "defendant[] did not do what the contract required [it] to do," and (iv) the defendant's "failure to do what the contract required[] . . . caused a loss to the plaintiff[]." Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016) (cleaned up).

*    *    *

As to the first element, the Court finds that the Plaintiff and Defendant "entered into a contract containing certain terms." Id.; see Loan Agreement at 3 (describing the Plaintiff and Defendant as the parties to a "Loan Agreement"); Line of Credit Note at 2 (describing the Plaintiff as the "Lender" and the Defendant as the "Borrower"); Security Agreement at 2 (listing the Plaintiff and Defendant as the parties to a security agreement).

Next, as to the second element, the Court finds that the Plaintiff is likely to succeed on its contention that it "did what the contract required [it] to do." Globe Motor Co., 225 N.J. at 482. The Plaintiff was supposed to lend the Defendant money. See Line of Credit Note at 2. And it did. See Declaration of Alexis Collantes (ECF 34-2) ¶ 5 ("[The Defendant] has received floorplan financing from [the Plaintiff] pursuant to the loan documents.").[5]

---

[4]  Which governs here. See Loan Agreement § 8.4, at 8 ("This Agreement and all other Loan Documents shall be governed by and construed in accordance with the laws of the State of New Jersey.").

[5]  The Defendant argues that the Plaintiff has not satisfied the second breach-of-contract element because it violated the contract in 2024 by, at that point, failing to revoke a particular guaranty. See Memorandum of Law on Behalf of Alexis Collantes, Avenue Motors LLP and Rahway Auto Resource, Inc. (ECF 34-1) at 4-6. But for now, the best read of the evidence before the Court is that the guaranty in question was already revoked by that point; it was marked "CANCELLED" in 2022. See Reply Declaration of Joseph E. Warner, III in Support of Preliminary Injunction, Exhibit A (ECF 39-2) at 2.

As to the third element, the Court finds that the Plaintiff is likely to succeed on its argument that the Defendant "did not do what the contract required [it] to do." Id.

The outstanding balance was payable "on demand" by the Plaintiff. See Line of Credit Note at 2.

And the Plaintiff, the Court finds, told the Defendant in January 2024 that it had until late June 2024 to pay off the outstanding loan balance. See Verified Complaint, Exhibit F at 2. The Defendant, the Court finds, did not pay before the deadline. See Verified Complaint ¶¶ 37-38.[6]

The fourth and final element, "loss," is plainly satisfied here. Globe Motor Co., 225 N.J. at 482.

The Plaintiff maintains that the Defendant's failure to pay has caused it to rack up nearly $13.7 million in losses. See Verified Complaint ¶¶ 67, 71. Whether this is or is not an accurate calculation in the end, the Court finds that, on the facts here, there is plainly some substantial "loss," easily totaling in the millions of dollars.

To sum up: the Court finds that the Plaintiff has established that it is likely to succeed on elements one, two, three, and four --- and therefore on its breach of contract claim against the Defendant.[7]

*    *    *

Next up, the Plaintiff has established that it is "likely to suffer irreparable harm in the absence of preliminary relief." Winter, 555 U.S. at 20.

---

[6] In light of this, the Court will not consider other ways in which the Defendant may have failed to satisfy its obligations under the agreement.

[7] The complaint also presses other claims. See Verified Complaint ¶¶ 72-76 (breach of contract against guarantors); id. ¶¶ 77-82 (replevin). Based on the conclusion laid out in the text --- that the Plaintiff is likely to succeed on its breach of contract claim against the Defendant --- the Court does not need to consider the Plaintiff's other theories of relief at this stage.

4

A preliminary injunction is not available if an adequate damages remedy would work well enough.  See Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988).

But it does not appear that there is an adequate damages remedy here.  The Defendant's debt, the Court finds, is very large compared to what the evidence shows as to the size of its underlying business.  Compare Verified Complaint ¶ 67 (indicating that the Defendant owes approximately $13.7 million), with id. ¶¶ 54, 56 (indicating that the Defendant "has inventory of at least 60 new and used vehicles . . . that have been floorplanned" and "at least 45 vehicles that have not been floorplanned").  And, the Court finds, a large amount of debt remains outstanding.  See id. ¶ 51 (indicating that an April 15, 2026 audit revealed "252 vehicles" for which the Defendant had failed to remit the sale proceeds).  All of this, the Court finds, suggests severe cash flow problems --- either now or in the near future.

Moreover, over and over again, collateral under the loan agreement --- cars --- has been sold off to third parties by the Defendant without the Defendant first satisfying a meaningful part of its debt to the Plaintiff.  See id.

In light of the above, the Court finds that there is a high likelihood that the Defendant's assets, already limited by comparison to the debt owed, are being rapidly dissipated and will continue to be rapidly dissipated.  Therefore, without a preliminary injunction being entered, the Defendant will likely not have sufficient assets at the end of this litigation to pay the Plaintiff what it owes.  See generally Deckert v. Indep. Shares Corp., 311 U.S. 282, 290 (1940) ("There were allegations that [the defendant] was insolvent and its assets in danger of dissipation or depletion.  This being so, the legal remedy against [the defendant], without recourse to the fund in the hands of [a third party], would be inadequate."); Elliott v. Kiesewetter, 98 F.3d 47, 58 (3d Cir. 1996) ("[A] court may find that a party seeking an asset freeze to preserve a money judgment may show irreparable injury by showing that the freeze is necessary to prevent the consumption, [or] dissipation . . . of the assets that the party pursuing the asset freeze seeks to recover in the underlying litigation.").

*    *    *

The third requirement for a preliminary injunction is that the "the balance of the equities tips in [the Plaintiff's] favor." Winter, 555 U.S. at 20.

This cuts in the Plaintiff's favor.

The Plaintiff here essentially seeks to enforce the parties' agreement.  There is nothing inequitable about holding the Defendant to the bargain it struck.

*     *     *

The fourth factor, the public interest, see Winter, 555 U.S. at 20, likewise cuts in the Plaintiff's favor.

"[E]nforcing valid contracts serves the public interest."  Great Lakes Dredge & Dock Co., LLC v. Philly Shipyard, Inc., 759 F. Supp. 3d 580, 597 (E.D. Pa. 2024) (citing Guardian Life Ins. Co. of Am. v. Est. of Cerniglia, 446 F. App'x 453, 457 (3d Cir. 2011)); see also Cigna Corp. v. Bricker, 103 F.4th 1336, 1348 (8th Cir. 2024); LVL Co., LLC v. Atiyeh, 469 F. Supp. 3d 390, 425 (E.D. Pa. 2020); Edelman Fin. Engines LLC v. Prime Cap. Inv. Advisors LLC, 2026 WL 1972053, at *9 (D. Del. July 8, 2026).

*     *     *

The Plaintiff is entitled to a preliminary injunction and the Court will exercise its discretion to enter one.

As with all such injunctions, this one must be tightly tailored to the practical concern --- here, going-forward asset dissipation --- that undergirds the Court's exercise of its discretion to enter the injunction in the first place.  See Merch Traffic, LLC v. Does 1-100, 686 F. Supp. 3d 380, 388 n.17 (D.N.J. 2023) (collecting cases).

This said, the Court briefly pauses before crafting a preliminary injunction.  There are technical aspects of the parties' businesses that may be in play here.  And it is hard for the Court to account for those sorts of considerations without meaningful input from the parties.

The Plaintiff shall promptly file a short and narrowly tailored draft preliminary injunction that includes, in substance, the following three key terms that would be in place from the effective date of the preliminary injunction until 90 days thereafter.

6

First, no car shall leave the Defendant's property except for the purpose of a short test drive or upon completion of a bona-fide arms-length sale or lease.

Second, as to any car that is sold or leased, the Defendant shall, as soon as practicable --- and in any event, within 7 calendar days --- electronically remit to the Plaintiff an amount equal to any funds loaned by the Plaintiff to the Defendant that can then be plausibly traced by the Plaintiff to the purchase or lease by the Defendant of the car in question.

And third, the Defendant shall cause each of its senior officers and employees to closely review the preliminary injunction the Court ultimately issues to ensure strict compliance with it.

After the draft preliminary injunction is filed by the Plaintiff, the Court will afford the Defendant an opportunity to quickly set forth its views.

It is on this 14th day of July, 2026, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

7